**ELKINS et al. v. GILLIAM et al.**

Court of Appeals of Kentucky.

Oct. 10, 1952.

Rehearing Denied March 27, 1953.

Francis M. Burke, J. A. Runyon, Francis Dale Burke, Pikeville, for appellants.

Jean L. Auxier, W. B. Taylor, Pikeville, for appellees.

WADDILL, Commissioner.

This is an appeal by J. F. Elkins et al., from a judgment quieting title to a tract of land in Pike County. Though there are other parties to this suit, for the purposes of this appeal we may regard the parties as Edna Gilliam, appellee, and her brother, J. F. Elkins, appellant.

On March 9, 1927, S. J. Elkins executed two deeds dividing his land on Brushy Fork in Pike County, between his son, J. F. Elkins, and his daughter, Edna Elkins Gilliam. The descriptions in the two deeds referred to natural topography and no distances were given. One of the boundaries in Edna Gilliam's deed was dependent on a boundary in J. F. Elkins' deed.

The dispute arose as to the correct location of appellant's north boundary line from the following "calls" in J. F. Elkins' deed:

"* * * thence up the center of ridge with J. M. Lowe's line to top of knob opposite the forks of branch; thence a straight line down said hill to the branch; * * *."

This line down the hill from the knob to the forks of the branch is a common boundary between the lands of J. F. Elkins and Edna Gilliam. The difficulty is that there are several knobs on the ridge and at least two forks on the branch. The chancellor found that the correct boundary line was that contended for by appellee.

There are certain facts which help us to determine which of the possible boundaries was intended. The fact that J. F. Elkins'

deed calls for 50 acres more or less is persuasive in view of the fact that if the interpretation of appellee is adopted, J. F. Elkins' tract would contain about 45 acres, while if either of the other two possible interpretations is accepted the J. F. Elkins tract would contain in excess of 85 acres.

Other persuasive evidence that supports the chancellor's findings is that S. J. Elkins made statements concerning the division of his land while he was on the premises near the lower forks of the branch, indicating that he recognized a line from the small knob to those forks as the boundary. Also helpful in determining the grantor's meaning is the fact that the J. F. Elkins tract contained almost all the level land and a house and barn, while the Edna Gilliam tract was almost exclusively timber land.

█ This Court, on review of an equity action, may reverse fact findings of the lower court, but there must be more than a doubt as to their correctness before the finding of the chancellor will be disturbed. Toms et al. v. Holmes, 294 Ky. 233, 171 S. W.2d 245.

The rule laid down by this Court is that when there is conflicting proof in an equity case so that the mind is left in doubt as to the true state of facts, the judgment of the lower court will be affirmed. Carroll Gas & Oil Co., v. Skaggs, 231 Ky. 284, 21 S.W. 2d 445.

█ The appellant also raises the question whether the special judge had jurisdiction of the case. It appears from the record that The Honorable J. Frank Stewart was duly commissioned by the Chief Justice of this Court to try "all cases set for hearing and all matters coming on to be heard during the regular October 50, Term." It further appears that Judge Stewart extended the October Term of court for a period of 6 days, which included November 4, 1950, the business of the court requiring it.

The case was submitted on motion of appellant February 11, 1950. The record discloses that the judgment was rendered on October 30, 1950.

A special judge has the power to extend the term for the purpose of completing the cases he was appointed to try. Harlan v. Commonwealth, 253 Ky. 1, 68 S.W.2d 443. This case was within that category and was one which the special judge was empowered to decide.

█ Our examination of the record convinces us that the chancellor correctly adjudicated the disputed boundary and that the other grounds urged for reversal are without merit.

Therefore, the judgment of the circuit court is affirmed.